IN THE ALLEGANY COUNTY CIRCUIT COURT

| | |
|---|---|
| **LORRETTA KLINE, in her Individual Capacity And as Personal Representative for the ESTATE OF ROGER LEE LARGENT** 519 Lynnehaven Drive Hagerstown, Maryland 21742 | * * * |
| *Plaintiff* | * |
| v. | * |
| **STATE OF MARYLAND MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES,** 300 East Joppa Road, Suite 1000 Towson, Maryland 21286 | * * * |
| SERVE ON: Nancy K. Kopp, State Treasurer Goldstein Treasury Building 80 Calvert Street, Room 109 Annapolis, MD 21401 | * * * |
| and | * |
| **RICHARD J. GRAHAM, JR., FORMER WARDEN** Western Correctional Institute 3800 McMullen Highway, SW Cumberland, MD 21502 | * * |
| *Defendant.* | * Case No.: C-01-CV-20-000060 |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff Lorretta Kline, in her Individual Capacity and as the Personal Representative of the Estate of Roger Lee Largent, by and through undersigned counsel Anton L. Iamele, and IAMELE & IAMELE, LLP, who hereby sues the Defendants State of Maryland and Richard J. Graham, Jr., and state as follows:

## Introduction

1. This is an action for monetary damages brought pursuant to the common law of the State of Maryland, 42 U.S.C. §§ 1983 and 1988, the Eighth and Fourteenth Amendments of the United States Constitution, and the Maryland Declaration of Rights. Plaintiffs maintain the State of Maryland, through its operation of the Department of Public Safety and Correctional Services and the Western Correctional Institution, was negligent; that Richard J. Graham, Jr., who is sued in his individual and official capacities, violated Decedent Largent's rights under the Eighth Amendment of United States Constitution, as well as, his corresponding right not to be subjected to cruel and unusual punishment under the Maryland Declaration of Rights; and allege that the Department of Public Safety and Correctional Services otherwise violated Decedent Largent's rights under the Maryland Declaration of Rights.

## Parties

2. Decedent Roger Lee Largent was born on November 11, 1947 and passed away on February 11, 2017. The Estate of Roger Lee Largent was opened by the Register of Wills for Washington County on February 23, 2017, and Lorretta Kline, who was then residing at 8645 Sharpsburg Pike was appointed as the personal representative for the same.

3. Decedent Largent is survived by his adult biological daughter, Plaintiff Lorretta Kline, 519 Lynnhaven Drive, Hagerstown, Maryland 21742, who is a primary beneficiary in this action pursuant to MARYLAND ANNOTATED CODE, *Courts & Judicial Proceedings Article* §3-904.

4. The Department of Public Safety and Correctional Services (hereinafter "DPSCS") is an executive department of the Maryland State Government, which was and is responsible for operating the Western Correctional Institute, 3800 McMullen Highway, SW, Cumberland, MD 21502 (hereinafter "WCI"). At all times relevant to this suit, the Department of Public Safety and

Correctional Services was responsible for housing, protecting and upholding the constitutional rights of individuals detained in this facility, as well as, supervising, commanding and overseeing staff members working at the facility. The State of Maryland is named as a substitute party defendant as required by MARYLAND ANNOTATED CODE, *State Government Article* §§ 12-101, *et seq.*

5. At all times relevant to the instant complaint, Defendant Richard J. Graham, Jr. was the Warden of WCI, In this stated capacity, Defendant Graham was acting under the color of state law and was responsible for and had direct oversight of, among other things, the processes of threat assessment; the procedure, process and protocol used to screen and place inmates within the WCI facility; the protection of inmates housed within WCI including the Administrative Segregation unit of the facility; the operation of the Administrative Review Office; and the response to inmate reports at WCI. He is sued in this case both in his independent and in his official capacities.

## Jurisdiction

6. Venue is proper under MARYLAND ANNOTATED CODE, *Courts and Judicial Proceedings Article* §6-201, *et. seq.*, in that the defendant carries on a regular business in Allegany County, Maryland. Furthermore, Decedent Roger Lee Larson was incarcerated at WCI in Allegany County after being sentenced in the matter styled *State of Maryland v. Roger Lee Largent*, Washington County Circuit Court Case No. 21K15-51744, and he remained incarcerated at WCI until the date of his death.

7. Pursuant to MARYLAND ANNOTATED CODE, *State Government Article* §§ 12-101 through 12-109, "Maryland Tort Claims Act", written notice to the Treasurer is not required as a condition precedent to the instant action. Section 12-106(c)(2) provides that the notice

requirement set forth in "Subsection (b)(1) and (2) of [the] section does not apply if, within 1 year after the injury to the person or property that is the basis of the claim, the State has actual or constructive notice of: (i) the claimant's injuries; or (ii) the defect or circumstances giving rise to the claimant's injury." As will be more thoroughly detailed herein, the State of Maryland was on notice of Decedent Roger Lee Largent's passing on the date of his death, and further had notice of the circumstances culminating in the fatality. The matter was the subject of an investigations conducted by the DPSCS and the Maryland State Police Department.

8. Plaintiffs are seeking an award of damages in excess of $75,000.00.

## Facts Common to All Counts

9. In the Spring of 2016, Decedent Roger Lee Largent was tried before a jury in the matter styled *State of Maryland v. Roger Lee Largent*, Washington County Circuit Court Case No. 21-K-15-051744. The trial resulted in a conviction and he was subsequently sentenced to a term of incarceration. An appeal was timely noted on Decedent Largent's behalf.

10. While the appeal was pending, Decedent Largent was remanded to the custody of the DPSCS.

11. Effective May 17, 2016, Decedent Largent was classified by Case Management for Medium Security confinement.

12. During calendar year 2016, Decedent Largent was transferred to WCI. He was held in segregation upon arrival at the facility and continued in segregation for the duration of his incarceration. The continuing placement in Administrative Segregation resulted, in large part, from Decedent Largent's reported fear that he would be at risk in the general population area of the facility.

13. On November 1, 2016, Decedent Largent authored a Request for Administrative Remedy in which he indicated that the he had advised "Officer J. Wakefield" that his life had been threatened by "5 inmates" and requested placement in Protective Custody. This writing was marked as having been received by the ARP office at WCI on November 3, 2016.

14. On November 2, 2016, Decedent Largent submitted a second Request for Administrative Remedy concerning his continuing confinement in Administrative Segregation. By way of the ARP paperwork, Mr. Largent reported that he had requested placement in Protective Custody because he was "threat[ened] in units and each jail [he had] been too." Mr. Largent explained further in the ARP form:

> I had my life threat[ened] and I had to go to lock up.... Its not doing me no good and I need to be placed on [Protective Custody] and the [DPSCS] need[s] to find me a safe jail to go to so I write my case manager up because she aint call me to ask be about this matter at all.... Locking me up for 45 days isn't helping me at all. I'm 69 years old and I am no troublemaker and I am sick....

This Request for Administrative Remedy was also marked as having been received in the ARP Office at WCI on November 3, 2016.

15. On November 18, 2016, Decedent Largent received a Notice of Inmate Rule Violation concerning his refusal to move from segregation to the general population area of the facility. Officer V. Lark wrote a corresponding report indicating: "Inmate Largent informed me that he was going to refuse to move.... I informed Inmate Largent that if he refused to move he would receive an adjustment for refusing housing." Following the encounter, Decedent Largent was continued on Administrative Segregation Assignment pending a formal hearing.

16. A formal hearing, concerning the infraction issued by Officer Lark, was conducted on December 16, 2016. Decedent Largent accepted a plea agreement and was sentence to a 45-day period of confinement in Administrative Segregation.

17. During the month of December 2016, Decedent Largent was placed in segregation cell A12 with Donte Antonio Frye. Frye was a known violent offender who had been convicted of, among other things, Attempted Second Degree Murder in 1993, Attempted Second Degree Murder in 2004, and First-Degree Assault in 2014. Frye, who was serving a 25-year sentence at the time of the subject occurrence, had a history of assaulting cellmates and also had self-reported a history of blackouts and hearing voices "telling him to kill."

18. In the unit where Decedent Largent and Frye were housed, inmates were locked in their cells in excess of 23 hours per day and would receive all meals within their respective cell. The only times that Decedent Largent and Frye would be permitted to leave the cell would be for occasional showers and haircuts. Decedent Largent (5'11" tall, 160 pounds in weight) and Frye (6'2" tall, 270 pounds in weight) otherwise remained exclusively within the cell together.

19. Decedent Largent complained about Frye's hygiene and, in turn, Frye believed that Decedent Largent was disrespectful. The pair were engaged in an ongoing dispute.

20. Frye reported his continuing disagreements with Decedent Largent to WCI personnel. The correctional staff did not, however, undertake any efforts to quell the dispute, separate Decedent Largent and Frye, or move either of the individuals from the shared cell.

21. At all times relevant to this Complaint, the State of Maryland, through the DPSCS and its personnel working at WCI, including but not limited to Defendant Former Warden Richard J. Graham, Jr. knew or reasonably should have known that the Decedent Largent was at risk of serious physical injury as a result of his of his ongoing confinement with Frye in the Administrative Segregation wing of the facility.

22. On Saturday, February 11, 2017, at approximately 10:12 p.m., WCI personnel were distributing medication to the segregation unit in which Decedent Largent and Frye were housed.

When Officer Davis peered into cell A12, Frye stated: "something is wrong with him." Frye simultaneously gestured to Decedent Largent who was observed lying on the floor of the cell, face up, with his legs partially beneath a bunk. Decedent Largent was observed to have visible bruising about his face and a laceration on his left arm. A pillowcase that had been wrapped around Decedent Largent's neck was still in place, and there was also a large pool of blood present on the left side of his body.

23. WCI correctional officers immediately removed Frye from cell A12. As he was being directed away from the scene, Frye uttered: "The devil made me do it."

24. Responding staff undertook resuscitative efforts until paramedics arrived at the facility. Thereafter, communication was initiated with a physician at an outside medical center. Decedent Largent was pronounced dead at 10:37 p.m.

25. Cell A12 was secured by Department of Correction staff members. Maryland State Police Crime Scene Technicians were subsequently escorted to the tier and then sketched and photographed the scene. The cell was also thoroughly searched by responding investigators.

26. Following scene processing, Decedent Largent's body was removed from the cell and transported to the Office of the Medical Examiner for the State of Maryland. The medical examiner ultimately determined the cause of death to be blunt force head injuries.

27. On Sunday, February 12, 2017, investigators returned to the WCI facility. Frye was photographed by crime scene technicians and provided a voluntary statement after waving his *Miranda* rights. During the interrogation, which spanned approximately one hour, Frye reported ongoing disagreements with Decedent Largent, and stated that on the date of the subject occurrence he had "blacked out" and that his next recollection was observing Decedent Largent lying dead on the cell floor.

28. Four days after Decedent Largent was murdered in his cell, the conviction that had prompted his incarceration was vacated by the Maryland Court of Special Appeals in the matter styled *Roger Lee Largent v. State of Maryland,* September Term 2016 No. 587. The alleged victim in the encounter underpinning *State of Maryland v. Roger Lee Largent*, Washington County Circuit Court Case No. 21-K-15-051744 later recanted her testimony.

29. On February 21, 2018, Frye plead guilty to Second Degree Murder in the matter styled *State of Maryland v. Donte Antonio Frye*, Alleghany County Circuit Court Case No. C-01-CR-18-000128.

30. At all times relevant to this Complaint, agents, servants and employees of Department of Public Safety and Correctional Services of the Maryland State Government, including but not limited to Former Warden Richard J. Graham, Jr., were responsible for overseeing, supervising and protecting the inmates housed in WCI including Decedent Largent while he was in the segregation area of the facility.

31. At all times relevant to this Complaint, the Department of Public Safety and Correctional Services of the Maryland State Government, as well as its agents, servants and employees, including but not limited to Former Warden Richard J. Graham, Jr., were on notice (actual or constructive) that Donte Antonio Frye posed an immediate threat of violence and/or unreasonable hazard to inmates housed at the WCI. Given the circumstances of the intense prolonged confinement of Administrative Segregation and Frye's reports to correctional officers of an ongoing dispute with Decedent Largent, the DPSCS, its agents, servants and employees, including but not limited to Former Warden Richard J. Graham, Jr., further knew or reasonably should have known of a particular and enhanced risk of harm to Decedent Largent.

32. Defendant State of Maryland through its agents, servants, and/or employees, including but not limited to Richard J. Graham, Jr., conducted itself in a negligent and careless manner.

33. At all times relevant hereto, Defendant State of Maryland owed as continuing duties to Defendant Richard J. Graham, Jr. was responsible for, among other things, maintain order and daily operations of the facility; ensure the safety of inmates; and protect inmates from physical attacks perpetrated by other inmates.

34. At all times relevant to this complaint, Decedent Largent was free of any negligence and/or contributory negligence.

35. That Defendant State of Maryland's negligence proximately caused Decedent Largent to suffer serious and painful physical injuries and ultimately death, and Defendant Graham's willful conduct proximately caused Decedent Largent to suffer serious and painful physical injuries and ultimately death.

36. In addition to the physical injuries described herein, Decedent Largent suffered the following injuries and damages as a direct proximate result of actions by Defendants:

   a. Violation of his well-established constitutional rights under the Eighth and Fourteenth Amendment of the United States Constitution to the security of his person; freedom from violence at the hands of other prisoners; and not to be subjected to cruel and unusual punishment while incarcerated;

   b. Violation of his constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: security of his person; freedom from violence at the hands of other prisoners; and not to be subjected to cruel and unusual punishment while incarcerated; and

c. Physical pain and suffering.

37. The actions of actions by Defendants violated the following clearly established and well settled federal and state constitutional rights of Decedent Largent:

a. Security of his person;

b. Freedom from violence at the hands of other prisoners; and

c. Not to be subjected to cruel and unusual punishment while incarcerated;

## COUNT I – SURVIVAL ACTION
*(Lorretta Kline, Personal Representative for the Estate of Roger Lee Largent v. State of Maryland, Maryland Department of Public Safety and Correctional Services)*

38. Plaintiff re-alleges and incorporates paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Pursuant to MARYLAND ANNOTATED CODE, *Estates and Trusts Article* § 7-401(y), Plaintiff Lorretta Kline is authorized to bring a survival action as the Personal Representative of the Estate of Roger Lee Largent.

40. Defendant State of Maryland through its agents, servants, and/or employees conducted itself in a negligent and careless manner.

41. At all times relevant hereto, Defendant State of Maryland and Former Warden Richard J. Graham, Jr. owed continuing duties to, among other things, maintain order and daily operations at the WCI; ensure that inmates, including those housed in Administrative Segregation, received necessary monitoring, supervision and protection; otherwise ensure the safety of inmates; protect inmates from preventable physical injury; to deescalate conflicts between inmates; to promptly and adequately screen inmates and evaluate for the possibility and likelihood of future violence; segregate inmates who historically assaulted cellmates, as well as, those who were in need of a Protective Custody assignments; respond and act upon reports of discord, tension and conflict;

and actively intervene and deescalate ongoing assaults that it knew of or reasonably should have been aware of. Defendant State of Maryland and Former Warden Richard J. Graham, Jr. owed additional duties which are not expressly stated herein.

42. Defendant State of Maryland and Former Warden Richard J. Graham, Jr. breached said duties by, among other things, placing Decedent Largent in continuing prolonged, intense and close detention with Frye; by failing to evaluate and/or otherwise accommodate Decedent Largent's request for placement in Protective Custody; by failing separate Frye from other inmates at WCI despite his history of assaultive behavior and reported mental health problems; by failing to take action when Frye and Decedent Largent reported ongoing disagreements; by failing to have correctional officers and or surveillance equipment present in the segregation unit and/or an alternative means of monitoring the conduct of individuals housed in the segregation unit; by failing to adequately protect Decedent Largent from physical attacks perpetrated by other inmates; and by failing to otherwise act to ensure the safety of Decedent Largent. Defendant State of Maryland and Former Warden Richard J. Graham, Jr. was negligent in other respects which are not specifically enumerated herein.

43. As a direct proximate result of the negligent conduct described herein, Decedent Largent suffered excruciating physical pain, mental anguish and emotional suffering and suffered a tragic and untimely death.

WHEREFORE, Lorretta Kline as Personal Representative of The Estate of Roger Lee Largent, demands judgment against the Department of Public Safety and Correctional Services for actual, compensatory and consequential damages in an amount to be determined at trial, and further requests that this Honorable Court award reasonable attorney's fees and the costs

incurred in connection with this action, and such other and further relief as it may deem appropriate.

## COUNT II – WRONGFUL DEATH ACTION
*(Lorretta Kline v. State of Maryland,
Maryland Department of Public Safety and Correctional Services)*

44. Plaintiff Lorretta Kline hereby incorporates Paragraphs 1 through 37 as if fully restated herein.

45. Pursuant to MARYLAND ANNOTATED CODE, *Courts & Judicial Article* § 3-904, Lorretta Kline, adult biological daughter of Decedent Largent, is a primary beneficiary entitled to pursue an action under Maryland's "Wrongful Death Statute" against Defendant the Maryland Department of Public Safety and Correctional Services.

46. At all times relevant to this Complaint, the Maryland Department of Public Safety and Correctional Services was vicariously liable for the acts and omissions of its actual and apparent agents, servants, and/or employees at WCI.

47. Defendant Maryland Department of Public Safety and Correctional Services and Former Warden Richard J. Graham, Jr. was negligent, in among other things, failing to adequately, train, supervise, and instruct its agents, servants and employees; failing to have in place safe practices for the monitoring of inmates; failing to have in place proper procedures, protocols and channels of communication to the respond to requests concerning necessary protection, disputes and reassignments to address and/or quell ongoing disputes; failing to properly and adequately assess Frye as an unreasonable threat to any individual who was housed with him in Administrative Segregation; failing to evaluate and/or otherwise accommodate Decedent Largent's request for placement in Protective Custody; failing to separate Frye from other inmates at WCI despite his history of assaultive behavior and reported mental health problems; failing to take action when

Frye and/or Decedent Largent reported ongoing disagreements; failing to have correctional officers and or surveillance equipment present in the segregation unit and/or an alternative means of monitoring the conduct of individuals housed in the segregation unit; and failing to intervene in a timely manner to prevent severe injuries and death.

48. The Maryland Department of Public Safety Correctional Services, as well as, its agents, servants and/or employees and Former Warden Richard J. Graham, Jr. committed other acts of negligence which are not expressly enumerated herein.

49. As a direct and proximate result of the negligent conduct by Maryland Department of Public Safety Correctional Services and Former Warden Richard J. Graham, Jr., Plaintiff Lorretta Kline as the only biological child of Decedent Roger Lee Largent, suffered and sustained pecuniary loss; mental anguish; emotional pain and suffering; loss of monetary earnings, contributions and support; loss of services; loss of comfort; loss of solace; loss of society; loss of companionship; loss of protection; loss of filial care; loss of attention; loss of advice; loss of counsel; and loss of guidance and are entitled to recover such damages as a consequence of her father's tragic and untimely death.

50. This Complaint is timely filed within three years after the death of Roger Lee Largent pursuant to MARYLAND ANNOTATED CODE, *Courts & Judicial Proceedings Article* §3-904(g).

WHEREFORE, Plaintiff Lorretta Kline demands judgment against the Maryland Department of Public Safety Correctional Services for actual, compensatory and consequential damages in an amount to be determined at trial, and further requests that this Honorable Court award reasonable attorney's fees, the costs incurred in connection with this action, and such other and further relief as it may deem appropriate.

### COUNT III – VIOLATION OF 42 U.S.C. 1983 – FOURTH AND FOURTEENTH AMENDMENTS

*(Lorretta Kline, Personal Representative for the Estate of Roger Lee Largent v. Former Warden Richard J. Graham, Jr.)*

51. Lorretta Kline as the Personal Representative of the Estate of Roger Lee Largent hereby incorporates Paragraphs 1 through 50 as if fully restated herein.

52. At all times relevant to this Complaint, Decedent Largent had rights afforded to him by the Eighth and Fourteenth Amendments to the United States Constitution including the right to be free from cruel and unusual punishment while incarcerated.

53. At all times relevant herein, Defendant Graham was the Warden at WCI with responsibility for operation, control and security at the facility. Warden Graham's responsibilities included, among other things. security assessment and placement of inmates within the facility, the operation of the Administrative Segregation unit of the facility; operation of the ARP Office; and staffing.

54. Defendant Graham allowed Decedent Largent to be continued in Administrative Segregation even after it was known that the latter was attempting to evade a perceived threat of bodily injury in the general population of the facility and despite numerous requests for placement on Protective Custody.

55. Defendant Graham further allowed Frye, who was known to assault cellmates and suffer from mental illness, to be housed in close and extreme confinement with other inmates.

56. At all times relevant to this Complaint it was reasonably foreseeable and anticipated that Frye might cause extreme bodily injury to the Decedent Largent when they were housed to together in Cell A12. Defendant Graham knew, or reasonably should have known, of the inevitability of a physical confrontation between Frye and Decedent Largent as a result of Frye's reports concerning his ongoing dispute with Decedent Largent.

57. Despite his knowledge of the real and present danger to Decedent Largent, Defendant Graham continued Decedent Largent in the Administrative Segregation with Frye.

58. Defendant Graham's actions in his regard were made under the color of State and local law and as a Warden of WCI. His conduct therefore triggers 42 U.S.C. §1983.

59. Moreover, Defendant Graham acquiesced in, tolerated and permitted a pattern and practice of unlawful, improper and unconstitutional behavior at the WCI; failed to properly and appropriately investigate incidents of assault within the inmate community, including those perpetrated by Frye; failed to correct the unconstitutional conduct of Correctional Officers and Staff working at the facility; failed to properly and adequately supervise staff at the WCI; and otherwise engaged in, or failed to engage in, other supervisory conduct that would have deterred and or prevented Eight Amendment violations at the facility.

60. Defendant Graham's actions and omissions deprived Decedent Largent of his clearly established and well-settled constitutional rights.

61. Defendant Graham's knowingly acted to deprive the Decedent of his constitutional rights maliciously and with reckless disregard for the same.

62. The Estate of Roger Lee Largent accordingly claims damages under 42 U.S.C. § 1983, against Defendant Graham, for the violation of his constitutional rights under color of law.

WHEREFORE, Lorretta Kline as Personal Representative of The Estate of Roger Lee Largent, demands judgment against Defendant Richard J. Graham, Jr. for actual, compensatory and consequential damages in an amount to be determined at trial, and further requests that this Honorable Court award reasonable attorney's fees and the costs incurred in connection with this action under 42 U.S.C. § 1988, and also grant such other and further relief as it may deem appropriate.

## COUNT IV – VIOLATION OF
## MARYLAND STATE DECLARATION OF RIGHTS
*(Lorretta Kline, Personal Representative for the Estate of Roger Lee Largent v. State of Maryland, Maryland Department of Public Safety and Correctional Services And Richard J. Graham, Jr.)*

63. Lorretta Kline as the Personal Representative of the Estate of Roger Lee Largent hereby incorporates Paragraphs 1 through 62 as if fully restated herein.

64. The actions of agents, servants, and/or employees of Department of Public Safety and Correctional Services and Defendant Richard J. Graham, Jr., all of which were committed under the color of their authority as correctional officers and administrators at the WCI, violated the Maryland Declaration of Rights, including, but not limited to: (1) Freedom from violence at the hands of other prisoners.

65. As a result of the above-described acts attributed to Defendant State of Maryland and Former Warden Richard J. Graham, Jr., Defendant Largent was deprived of rights and immunities secured to him under the Maryland Declaration of Rights – in particular, his rights to the security of his person; freedom from violence at the hands of other prisoners; and not to be subjected to cruel and unusual punishment while incarcerated.

66. As a direct consequence in result of the actions and omissions of Defendant State of Maryland and Former Warden Richard J. Graham, Jr. described herein, Defendant Largent was deprived of his liberty; and was caused to suffer physical injuries and death.

67. Pursuant to the Maryland State Tort Claims Act, MARYLAND ANNOTATED CODE, *State Government Article* §§ 12-101, *et seq*, the State of Maryland has waived its sovereign immunity and assumed liability for the actions of its agents, servants, and/or employees, who were at all times hereto acting within the scope of their employment at WCI. Defendant State of Maryland is accordingly responsible for the actions and proximately related damaged referenced herein.

WHEREFORE, Lorretta Kline as Personal Representative of The Estate of Roger Lee Largent, demands judgment against Defendants State of Maryland and Warden Richard J. Graham, Jr., jointly and severally, for compensatory damages in an amount to be determined at trial (with consideration that the claim in the instant case exceeds $75,000.00), and further requests that this Honorable Court award reasonable attorney's fees, the costs incurred in connection with this action, and such other and further relief as it may deem appropriate.

Respectfully Submitted,

IAMELE & IAMELE, LLP

/s/
Anton L. Iamele
Client Protection Fund #: 9812160049
201 North Charles Street, Suite 400
Baltimore, MD 21201
Telephone: 410-779-6160
Facsimile: 410-779-6161
aiamele@iamelelaw.com
*Counsel for Lorretta Kline and the Estate of Roger Lee Largent*

Kazary & HARE, P.C.

/s/
David J. Hare e
Client Protection Fund #: 9812150307
127 Greene Street
Cumberland, MD 21502
Telephone: 301-777-8822
Facsimile: 301-777-1629
david@khwattorneys.com
*Counsel for Lorretta Kline and the Estate of Roger Lee Largent*

## JURY TRIAL PRAYER

Plaintiffs hereby request that all issues raised in this Complaint be decided by way of a jury trial.

/s/
Anton L. Iamele

## RULE 20-201(H) CERTIFICATION

I hereby Certify that this pleading does not contain any information prohibited from inclusion in a pleading or paper by Rule 1-322.1.

/s/
Anton L. Iamele